# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 95cr1468-IEG |
|---|---|
| Plaintiff, | Order Granting in Part Informal Request to Relief Defendant of Personal Surety Bond Obligation |
| vs. | |
| WILLIAM JOHN LOGAN (7), | |
| Defendant. | |

    The Court has received a letter request from Defendant William John Logan's Aunt, Suzanne Vordemeier-Waterhouse, asking that the Court waive the balance of Defendant Logan's personal surety bond obligation, which has a current balance of $200,634.82. At the Court's request, the government has filed a response to the letter request. For the reasons explained herein, the Court GRANTS IN PART the request.

    Pursuant to Rule 46(f) of the Federal Rules of Criminal Procedure, the court must declare bail forfeited of a condition of the bond is breached. The court may thereafter set aside and remit the forfeiture, even after judgment has been entered, if "it appears that justice does not require bail forfeiture." Fed. R. Crim. P. 46(f)(2)(B). The court has broad discretion in deciding whether to set aside or remit any portion of the forfeiture. United States v. Cervantes, 672 F.2d 460, 461 (9th Cir. 1982). The party seeking to have the court set aside or remit the forfeiture bears the burden of establishing grounds for such action. Id. The Ninth Circuit has identified several factors the court should consider in determining whether to set aside or remit forfeiture, including the following:

>willfulness of defendant's breach, any explanation or mitigating circumstances, whether the sureties were professionals or defendant's friends and family members, the participation of the sureties in apprehending defendant, the appropriateness of the bond amount, and the cost, inconvenience or prejudice to the government.

United States v. Minor, 846 F.2d 1184, 1190 (9th Cir. 1988).

In this case, the Defendant asked the Court in 1999 to set aside the bond forfeiture. [Doc. No. 402.] The Court denied that motion by written order, finding Defendant failed to demonstrate a compelling reason warranting remission. [Doc. No. 409.] The current letter request from Ms. Vordemeier-Waterhouse states that because of the large amount of the debt from the bond forfeiture, Mr. Logan will never be able to provide for his family or own his own home.

The central purpose of bail is to ensure the defendant will appear in court at a future time. Cervantes, 672 F.2d at 462. The Court previously weighed all of the Minor factors in denying defendant's motion to set aside or remit the forfeiture in 1999 including the willfulness of the breach and any mitigating factors. The circumstances cited by Defendant's Aunt, the ability of Defendant to provide for his family, was considered by the Court in denying Defendant relief in 1999.

Nonetheless, the Court will exercise its discretion to remit the past accrued interest, and waive future interest on the bond, because of Defendant's diligence in making payments on the bond and the current economic conditions. The government indicates in its response that according to Defendant's recent financial statement, Defendant makes approximately $4,000 a month and receives net rental income of approximately $1,000 per month. With the accrual of interest on the bond obligation, Defendant will never be able to re-pay the balance.

Therefore, the Court GRANTS IN PART the request. The Court sets aside all but $99,311.67 of the current balance, which represents the amount Defendant would currently owe on the obligation if all of the payments he has made were applied to the principal rather than to accrued interest. The Court orders that no further interest shall accrue. The Defendant shall

///
///
///
///

1  continue to make timely payments on the $99,311.67, in the increments to which he previously
2  agreed.
3      **IT IS SO ORDERED**.
4  **DATED:  June 5, 2009**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**